UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRENDA J. DI PIETRO,
Administratrix of the
Estate of Daniel E. DiPietro

Plaintiff

VS.

ANDREW ACABBO

Defendant

C.A. NO. 05 403T

JURY TRIAL CLAIMED

COMPLAINT AND JURY DEMAND

*Nature of Action*

1. This action seeks recovery for personal injuries and wrongful death as a result of the death of Daniel E. DiPietro on or about September 25, 2002 while a passenger on board a certain 21' Boston Whaler open motorboat (hereinafter "Boston Whaler") subsequent to its collision with the motor vessel "Oceana" (hereinafter "Oceana") within the territorial waters of the State of Rhode Island.

*Jurisdiction and Venue*

2. This Court has jurisdiction pursuant to the admiralty and maritime jurisdiction of the United States pursuant to 28 U.S.C. §1333.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to the claim occurred in this District.

4. This action seeks recovery for damages pursuant to Rhode Island General Laws § 10-7-1 *et seq*., the Rhode Island Wrongful Death Act, This action further seeks recovery pursuant to Rhode Island General Laws § 46-22-15 (entitled 'Owner's Civil Liability'), as well as the common law of the State of Rhode Island.

*The Parties*

5. Plaintiff's decedent Daniel E. DiPietro was at all relevant times a citizen of the State of Rhode Island.

6. Plaintiff Brenda J. DiPietro brings this action in her capacity as duly appointed and presently acting administratrix of the Estate of Daniel E. DiPietro.

7. Defendant Andrew Acabbo was and still is an individual citizen and resident of the State of Rhode Island.

8. Upon information and belief the Boston Whaler vessel was and still is a state registered vessel having an overall registered length of 21' and is now or will be during the pendency of this action within this district and within the jurisdiction of this Court.

*Allegations Common to All Causes of Action*

9. At all relevant times, Defendant Andrew Acabbo owned, operated, managed and controlled the "Boston Whaler."

10. At all relevant times, Dean A. Pesante owned, operated, managed and controlled the vessel "Oceana," which was outfitted as a commercial fishing boat.

11. At all relevant times, the events referred to herein occurred following the Plaintiff's decedent Daniel E. DiPietro's journey from the shore of the State of Rhode Island.

12. On or about September 25, 2002, Plaintiff's decedent Daniel E. DiPietro boarded the "Boston Whaler" as a passenger at Snug Harbor, within the State of Rhode Island.

13. On or about September 25, 2002, the vessel "Oceana" collided with the "Boston Whaler" in the vicinity of the Point Judith Lighthouse, near Point Judith, Rhode Island, within the territorial waters of the State of Rhode Island, causing damage to the "Boston Whaler."

14. As a direct and proximate result of the collision as aforesaid, and the damages sustained, Plaintiff's decedent Daniel E. DiPietro was caused to fall overboard from the "Boston Whaler."

15. As a direct and proximate result thereof, Plaintiff's decedent Daniel E. DiPietro was caused to sustain severe personal injuries and endure prolonged pain and suffering, ultimately resulting in his death by drowning within the territorial waters of the State of Rhode Island.

## COUNT I

*First Cause of Action*
*Admiralty/Maritime Claim*

16. Plaintiff repeats each and every allegation contained in paragraphs 1 through 15 with the same force and effect as if set forth at length herein.

17. At all relevant times, Plaintiff's decedent Daniel E. DiPietro was in the exercise of due care.

18. On the said date and at the said time and location, Defendant Andrew Acabbo negligently failed to exercise ordinary care in the operation of his "Boston Whaler" vessel.

19. The injuries to and ensuing death of Plaintiff's decedent Daniel E. DiPietro were caused as a direct and proximate result of the breach and violation of the duty of care owed to Plaintiff's decedent by Defendant Andrew Acabbo, by, among other things:

a. Failing to operate and navigate his "Boston Whaler" vessel with due care under the prevailing circumstances;

b. Failing to maintain a proper lookout considering the prevailing circumstances;

c. Failing to make appropriate maneuvering or warning signal when in sight of another vessel;

d. Failing to properly determine the risk of collision and to take precaution to avoid a collision between his "Boston Whaler" and the "Oceana."

e. Other acts, and failures to act, that may become apparent after discovery.

20. As a direct and proximate result of the negligence of Defendant Andrew Acabbo as aforesaid, Plaintiff sustained damages, including but not limited to (a) the agonizing physical, mental and emotional pain and suffering and fear of impending death experienced by decedent Daniel E. DiPietro prior to his death by drowning; (b) loss of earnings and earning capacity that would have resulted from the continued life of the decedent; (c) funeral, rescue, and medical expenses; (d) loss of estate of the decedent accumulated reasonably from the continued life of the decedent; and (e) other damages permitted by all applicable laws.

WHEREFORE, Plaintiff BRENDA J. DI PIETRO demands judgment against the Defendant ANDREW ACABBO for compensatory damages, statutory interest and costs

## COUNT II

*Second Cause of Action*
*Wrongful Death Pursuant to R.I. General Laws §§ 10-7-1 et seq.*

21. Plaintiff repeats each and every allegation contained in paragraphs 1 through 20 with the same force and effect as if set forth at length herein.

22. At all relevant times, Plaintiff's decedent Daniel E. DiPietro was in the exercise of due care.

23. On the said date and at the said time and location, Defendant Andrew Acabbo negligently failed to exercise ordinary care in the operation of his "Boston Whaler" vessel.

24. The injuries to and ensuing death of Plaintiff's decedent Daniel E. DiPietro were caused as a direct and proximate result of the breach and violation of the duty of care owed to Plaintiff's decedent by Defendant Andrew Acabbo, his agents and/or employees as more fully set forth herein.

25. As a direct and proximate result of the negligence of Defendant Andrew Acabbo as aforesaid, Plaintiff has sustained damages as more fully set forth herein.

26. Defendant Andrew Acabbo is liable to the Plaintiff pursuant to R.I. General Laws §§ 10-7-1 *et seq*. for the wrongful death of Plaintiff's decedent Daniel E. DiPietro.

WHEREFORE, Plaintiff BRENDA J. DI PIETRO demands judgment against the Defendant ANDREW ACABBO for compensatory damages pursuant to R.I. General Laws §§ 10-7-1.1, statutory interest and costs

## COUNT III

*Third Cause of Action*
*Liability Under R.I. General Laws § 46-22-15*

27. Plaintiff repeats each and every allegation contained in paragraphs 1 through 26 with the same force and effect as if set forth at length herein.

28. At all relevant times, Plaintiff's decedent Daniel E. DiPietro was in the exercise of due care.

29. On the said date and at the said time and location, Defendant Andrew Acabbo negligently failed to exercise ordinary care in the operation of his Boston Whaler vessel.

30. The injuries to and ensuing death of Plaintiff's decedent Daniel E. DiPietro was caused as a direct and proximate result of the breach and violation of the duty of care owed to Plaintiff's decedent by Defendant Andrew Acabbo, his agents and/or employees as more fully set forth herein.

31. As a direct and proximate result of the negligence of Defendant Andrew Acabbo as aforesaid, Plaintiff has sustained damages as more fully set forth herein.

WHEREFORE, Plaintiff BRENDA J. DI PIETRO demands judgment against the Defendant Andrew Acabbo for compensatory damages pursuant to R.I. General Laws § 10-7-1.1, statutory interest and costs.

## COUNT IV

*Fourth Cause of Action*
*Common Law Negligence*

32. Plaintiff repeats each and every allegation contained in paragraphs 1 through 31 with the same force and effect as if set forth at length herein.

33. At all relevant times, Plaintiff's decedent Daniel E. DiPietro was in the exercise of due care.

34. On the said date and at the said time and location, Defendant Andrew Acabbo negligently failed to exercise ordinary care in the operation of his Boston Whaler vessel.

35. The injuries to and ensuing death of Plaintiff's decedent Daniel E. DiPietro was caused as a direct and proximate result of the breach and violation of the duty of care owed to Plaintiff's decedent by Defendant Andrew Acabbo, his agents and/or employees as more fully set forth herein.

36. As a direct and proximate result of the negligence of Defendant Andrew Acabbo as aforesaid, Plaintiff has sustained damages as more fully set forth herein.

WHEREFORE, Plaintiff BRENDA J. DI PIETRO demands judgment against the Defendant ANDREW ACABBO for compensatory damages pursuant to R.I. General Laws § 10-7-1.1, statutory interest and costs

*Jury Trial Claim*

Plaintiff claims trial by jury on all issues so triable.

Plaintiff BRENDA J. DI PIETRO
Administratrix of the Estate of
Daniel E. DiPietro
By her Attorneys,

BREGGIA BOWEN & GRANDE
395 Smith Street, Providence, RI 02908
Telephone: (401) 831-1900
Facsimile: (401) 831-0129
Email: sbreggia@bbglaw.us

STEPHEN E. BREGGIA, #2865

Dated: September 23, 2005